## PIKE vs. THE STATE.

Under the Constitution of this State, property of every character and description, upon which a State tax may be levied, must be taxed in proportion to its real and true value; and no portion of any distinct *genus* or *species* of property on which such tax is imposed, can ever be exempt from it.

If any improvements on land are taxed, all improvements of like kind must be taxed equally, according to value, in all parts of the State.

So much of the Revenue Law as taxes with a State tax, improvements on town lots, without taxing all improvements throughout the State, is unconstitutional.

THIS case was commenced in this court by certiorari, on the petition of Pike, to the county court of Pulaski, commanding it to certify and send here, a transcript of the assessment of the real estate and improvements thereon of the petitioner, in the city of Little Rock, returned by the assessor and collector of taxes for that county, for 1842, and all entries and matters relating thereto, in the tax-book; with all

of the records, &c. of the county court, connected with his appeal from the assessment to that court.

The return to the writ showed that the petitioner furnished to the assessor and collector of the State revenue, for the county of Pulaski, for assessment and taxation for 1842, a list of certain real and personal estate embracing twelve lots in the city of Little Rock, in that county, valued by himself, exclusive of the improvements, at $2000, and that he refused to list for taxation, or to value the improvements, on the ground that the enactment of the Legislature, imposing a State tax on improvements or town lots, conflicted with the provisions of the constitution of the State, and was void; that the assessor caused the lots and improvements to be appraised, and they being valued at $6000, entered them on the assessment list, as of that value, and returned the same so assessed to the county court. That the petitioner appealed from the assessment to the county court; which adjudged that the lots with the improvements were legally assessed and listed for taxation, and that he pay costs.

The case was argued by *Pike & Baldwin*, for the petitioner; and by *Robert W. Johnson, Atty. Gen.*, contra.

*By the Court*, RINGO, C. J. The enactment declaring the imposition of the tax in question amongst other things provides that, "for the purpose of raising a revenue to support the government of this State, a tax shall be levied on the following objects: First, all lands lying within this State, claimed or owned by any person or corporation, whether such land may have been patented or not, except such as are exempt from taxation by virtue of the compact between this State and the United States; Second, all town lots and the improvements thereon," and that "each assessor shall require each person in his county to give in, under oath, first, a description of all his lands, by township, range, section, quarter section, tract, lot or part thereof, and the number of acres in each particular tract or subdivision thereof; Second, all town lots with the improvements thereon," and "to value the same under oath, valuing each tract or town lot separately, and each kind of other property separately from every other kind;"

also that "all lands shall be valued at the true value thereof in ready money, taking into consideration the fertility and quality of the soil, the vicinity of the same to roads, towns, villages, and navigable waters, water privilegs on the same, and all other local advantages, *having no reference to the improvements* thereon; but no lands shall be valued at a less price per acre than three dollars," and that "all town lots, and *the improvements thereon,* and all saw mills, tan yards and distilleries shall be valued at the true value thereof, taking into consideration all local advantages," and "every other species of property shall be valued at the true value thereof in ready money." *Rev. St. Ark. chap.* 128, *sec.* 1, 12, 13, 14, 15, 16. The quotations above embrace, it is believed, every statutory provision bearing upon the question under consideration.

The provision of the constitution, with which, it is urged, that the enactment in question conflicts, ordains that, "all property subject to taxation, shall be taxed according to its value—that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State." *Const. Ark., Art. VII, title Revenue, sec.* 2.

From the view which we have taken, not only of the provision above quoted, but of every part of the constitution, we consider the rule there prescribed to be this, that property of every character and description upon which a State tax may be levied, must be taxed in proportion to its real and true value, and according to that basis be made to contribute to the revenue of the State; and that no portion of any distinct genus or species of property upon which such tax is imposed, can ever be exempt therefrom. Therefore if such tax be at any time laid upon land, no land within the limits of the State, except such as are or may be exempt by some authority superior to our State constitution, can be legally exonerated from the imposition, and it matters nothing whether the land be situated in a city, town, or village, or in one portion of the State or another; because the rule is general and inflexible, comprehending in such case all lands subject to the jurisdiction of the State, and liable to be taxed by her authority.

And so it is, and according to the rule prescribed by the constitution, must of necessity ever be, as to improvements on land (if indeed

such tax may be imposed on them in any instance), consequently, if such tax be imposed on any improvements on land, every improvement thereon of the like kind, class or description, must be equally taxed according to its value: If, for instance, a tax be imposed on brick houses, no house of that description can be legally exempt therefrom, but all such, whether situated in a city, town or village, or in the country, must contribute equally, that is, in proportion to their value, to the revenue of the State. This rule we consider so great and comprehensive as to embrace every description of property upon which a tax may be laid to raise any portion of the State revenue. And the Legislature possesses no power to restrict its operation to such lands or improvements thereon, or to any other property, subjected to such taxation, as may be situated in any specified portion of the State, or in any sectional or legal division, or sub-division thereof, because no such restriction can possibly exist, if the tax imposed be equal and uniform throughout the State.

Now it is equally certain that land, by being divided, surveyed or laid out into small parcels, tracts or lots, and distinguished from other lands by the additional appellation of "town lots," does not either in legal contemplation or in fact, change its original character or quality, or lose its original and still legal and appropriate name, but remains of the same genus or class of property to which it belonged before it was so divided, or had applied to it the additional name or designation "town lots."

We are therefore upon the most mature and deliberate consideration of the subject, of the opinion that so much and such part of the first section of the 128th chapter of the Revised Statutes of this State as purports to impose a State tax on "improvements" or town lots is repugnant to the provisions contained in the second section of the seventh article of the constitution of this State and void, and consequently that the assessment of the improvements on the lots of the petitioner, to the value of $4000, is illegal; and that the county court, upon his appeal, which appears to have been regularly taken from the assessment thereof, ought so to have decided, and did err in adjudicating the assessment thereof to have been legally made, and in refusing to correct the same so as only to charge the petitioner with a

State tax on the value of said lots exclusive of the improvements thereon, which from the valuation thereof by the petitioner, furnished to the assessor, to which no objection is shown to have been made, appears to be $2000. Therefore the judgment of the county court pronounced upon said appeal of the petitioner, must be quashed, and the State revenue upon $4000, the value of the improvements on the lots assessed in his name, with which he is charged on the tax book of the county of Pulaski for the year 1842, be forever superseded.